# UNITED  STATES  DISTRICT  COURT

# SOUTHERN  DISTRICT  OF  GEORGIA

# SAVANNAH  DIVISION

| | | |
|---|---|---|
| JERRELL EARL THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV411-300 |
| | ) | |
| SHERIFF AL ST. LAWRENCE and | ) | |
| OFFICER J. KENNY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is plaintiff Jerrell Earl Thompson's 42 U.S.C. § 1983 civil rights complaint.  (Doc. 1.)  The Court granted him leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form.  (Doc. 3.)  He has returned the two forms, so the case is ready to proceed.  (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient.  28

U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").   The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Thompson alleges that on May 10, 2011, Officer J. Kenny attacked him at the Chatham County Courthouse.  (Doc. 1 at 4.)  He states that Kenny "snatched" him "out of the holding cell," threw him on the floor, struck him in the back of the neck repeatedly, and kneed his side and back, all while shouting "you not crazy, I'm crazy."  (*Id.*)  Kenny then allegedly unholstered his taser, hit himself in the head with it while screaming "your [sic] not crazy, this is crazy."  (*Id.*)  He then began to strike his head on the wall, still screaming "this is crazy, you not crazy."  (*Id.*)  "He then left the holding cell."  (*Id.*)  Now suffering from back and neck pain, Thompson asks that justice be done.  (*Id.* at 6.)

The Eighth Amendment proscribes the infliction of cruel and unusual punishments.[1]  U.S. Const. amend. VIII.  The Supreme Court has made clear that this proscription governs a detention official's use of force against a detainee.  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  The core judicial inquiry in determining whether an official's use of force was excessive is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Relevant factors in this inquiry include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted."  *Whitley*, 475 U.S. at 321 (quotes omitted). Here, Thompson states an excessive force claim against Officer Kenny, since his pleadings suggest that Kenny brutally beat him without any provocation.

---

[1] It is unclear whether Thompson was merely subject to pretrial detention or had already been convicted.  As a pretrial detainee, his rights stem from the Due Process Clause of the Fourteenth Amendment, but "the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner."  *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

Al St. Lawrence, however, should be dismissed.   Presumably, plaintiff names him based upon his supervisory position over Officer Kenny.   Claims brought pursuant to § 1983, however, cannot be based upon vicarious liability or respondeat superior.   *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must demonstrate either that the defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation.   *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Here, Thompson has not offered any facts showing that St. Lawrence was directly involved in or otherwise caused the alleged constitutional deprivation.   Hence, he should be dismissed from this case.

For the reasons explained above, Thompson's claim against Sheriff Al St. Lawrence should be **DISMISSED WITH PREJUDICE**. Only his excessive force claim for damages against Officer Kenny

survives screening.  Accordingly, the Clerk is **DIRECTED** to forward a copy of Thompson's complaint along with this Report and Recommendation to the United States Marshal for service upon Kenny.

Meanwhile, Thompson must pay for filing this lawsuit.  Based upon his furnished information, he owes an initial partial filing fee of $7.91.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added).  Plaintiff's custodian shall deduct $7.91 from Thompson's account and remit it to the Clerk of Court.  The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.  In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian.   The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

   **SO REPORTED AND RECOMMENDED** this ___3rd___ day of February, 2012.

   UNITED STATES MAGISTRATE JUDGE
   SOUTHERN DISTRICT OF GEORGIA

6