UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JERRELL EARL THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV411-300 |
| OFFICER J. KENNY, | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

On December 3, 2012, the Court granted 42 U.S.C. § 1983 plaintiff Jerrell Earl Thompson an extension of time to respond to defendant's motion for summary judgment. (Doc. 29.) Because he failed to tender a response in a timely fashion, defendant's motion for summary judgment (doc. 23) stands unopposed under Local Rules 7.5 and 56.1.

In that regard, defendant's motion is evidentially supported by deposition and affidavits showing that Officer Kenney did *not* use excessive force in violation of the Eighth Amendment against plaintiff when removing him from his holding cell at the Chatham County Courthouse. (*See* doc. 23-2 (Officer Jason Kenny aff.); doc. 23-3 (Deputy

Phillip Green aff.); doc. 23-4 (Officer Wendy Smoot-Lee aff.); *see also* doc. 23-1 at 14 (Thompson dep.; he admits that he refused to comply with Kenny's order to leave the cell).) Instead, defendant used only the force that was necessary to subdue plaintiff as he physically resisted commands to exit his cell.[1] (Doc. 23-2.) Consequently, defendant's motion summary judgment (doc. 23) should be **GRANTED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 25Th day of March, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The "core judicial inquiry" in these cases is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175, 1178 (2010); *see also id.* at 1179-80 (state prisoner's allegations that corrections officer punched, kicked, kneed, choked, and body slammed him maliciously and sadistically and without any provocation, leaving him with a bruised heel, back pain, and other injuries requiring medical treatment, stated a claim under § 1983 for use of excessive force, in violation of Eighth Amendment prohibition of cruel and unusual punishment). Here, it is undisputed that Kenny did not employ force "maliciously and sadistically to cause harm."

2